IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD B. BAYSON,

          Plaintiff,

vs.

SOUTHEAST COMMUNITY
COLLEGE, et al.,

          Defendants.

8:25-CV-575

ORDER

     The plaintiff has submitted two motions that the Court reads as, at least in part, requesting a temporary restraining order against one or more of the defendants. Filing 3; filing 14. To the extent the plaintiff is requesting injunctive relief before completing service of process, that request is denied.

     Briefly summarized, the plaintiff's operative pleadings allege he was a nursing student at Southeast Community College, but received unqualified instruction and was treated unfairly by the defendants, resulting in his withdrawal from the program. *See* filing 1; filing 7; filing 8; filing 9; filing 10.[1] He's requesting immediate injunctive relief due to his financial circumstances. *See* filing 14. Specifically, he wants to be readmitted to the nursing program, permitted to resume coursework and clinicals, and restored to eligibility for federal aid. Filing 14 at 1. He explains that he has submitted summons forms to the sheriff's office but service is still pending. Filing 14 at 1.

---

[1] Pursuant to NECivR 15.1(b), "[i]n considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading."

But the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Neither requirement is met here.

The burden of establishing the necessity of a temporary restraining order is on the movant. *Baker Electric Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994); *Mod. Comput. Sys., Inc. v. Mod. Banking Sys., Inc.,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc); *Bennett v. Guardian Real Est., L.L.C.*, No. 8:07-CV-345, 2007 WL 2688646, at *2 (D. Neb. Sept. 10, 2007). But the plaintiff has presented no competent evidence of the facts allegedly supporting a temporary restraining order, because none of the plaintiff's submissions appear to be sworn or subscribed under penalty of perjury. *See* 28 U.S.C. § 1746. Accordingly, there is no "affidavit" or "verified complaint" before the Court upon which the Court could base its order, as required by Rule 65(b)(1)(A). *See Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008); *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008); *Elder-Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006); *Schneider v. Chertoff*, 245 F.R.D. 422, 424 (D. Neb. 2007).

Nor has the plaintiff provided any basis for the Court to rule without notice to the defendants. It is well-established that a temporary restraining order is an emergency remedy which should only be issued in exceptional circumstances. *Zidon v. Pickrell*, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004).

Nothing in the plaintiff's filings meets his burden to explain why notice should not be required. Simply put, the Court cannot issue a restraining order, without notice to the party being restrained, without a good reason for doing so. The plaintiff has not provided one.

The Court will, therefore, deny the plaintiff's motion for pre-service injunctive relief. To the extent filing 14 also asks the Court for a preliminary injunction—that is, injunctive relief after service of process but before judgment on the merits—the Court will take that up after the defendants are served with process and have respond to the plaintiff's motion.

IT IS ORDERED:

1. The plaintiff's "Motion for Expedited Review for Interim Relief" (filing 3) is denied.

2. The plaintiff's "Emergency Motion for Preliminary Injunction and Immediate Relief" (filing 14) is denied in part.

3. The defendants shall respond to the plaintiff's motion for preliminary injunction (filing 14) within 14 days of effective service of process.

Dated this 6th day of November, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge