IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD B. BAYSON, | |
| Plaintiff, | 8:25-CV-575 |
| vs. | |
| SOUTHEAST COMMUNITY COLLEGE, et al., | ORDER |
| Defendants. | |

  The plaintiff has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Filing 53. That motion will be denied.

  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* And it is improper to repeat arguments the Court has already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

  The plaintiff asserts that at the time judgment was entered, he "was still in the process of gathering critical evidence necessary to support the claims presented." Filing 53 at 1. He "submits that the absence of this evidence may have contributed to the Court's understanding of the facts and the legal sufficiency of the claims" and argues that "had this information been available at the time of the Court's review, it would have materially affected the Court's analysis." Filing 53 at 1.

To prevail on a Rule 59(e) motion premised on the discovery of new evidence, the movant must show that (1) the evidence was discovered after entry of judgment; (2) the movant exercised due diligence to discover the evidence before the judgment; (3) the evidence is material and not merely cumulative or impeaching; and (4) reconsideration included the evidence would probably produce a different result. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. In this case—even if the availability of new evidence was pertinent to dismissal for failure to state a claim, *but see* Fed. R. Civ. P. 12(d)—the plaintiff has identified no new evidence.

The plaintiff provides no reason to think that the SCC Grievance Hearing Procedures for Students, filing 53 at 9-22, were unavailable to him from the start, and a Rule 59(e) motion does not allow evidence to be presented after judgment when it could have been presented earlier. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 818 n.3 (8th Cir. 2008). Same with the SCC employee grievance resolution process, filing 53 at 23-28, which isn't even relevant because the plaintiff wasn't an employee. Finally, the emails he points to were part of the case from the beginning. *Compare* filing 53 at 29-46, *with* filing 1 at 12-31.

If any of that evidence was discovered after the entry of judgment, the plaintiff hasn't shown that he exercised due diligence to discover it earlier. Nor is the evidence material at all, much less suggestive of a different result. To the limited extent it's relevant, the Court has already explained that SCC's alleged failure to follow its own grievance procedures, even if true, wouldn't support a claim for relief. *See* filing 49 at 9-11.

In his reply brief, the plaintiff contends that his Rule 59 motion *isn't* "limited exclusively to newly discovered evidence." Filing 55 at 1. Instead, he takes issue with the Court's analysis, and facts he says the Court didn't

address. *See* filing 55 at 1-4. Several of those contentions are newly asserted in his reply brief and, as such, will not be considered. *See* NECivR 7.1(c)(2). In any event, none warrant reconsideration under Rule 59, which may not be used to relitigate old matters or raise arguments that could have been raised earlier. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Accordingly,

IT IS ORDERED that the plaintiff's Rule 59(e) motion (filing 53) is denied.

Dated this 9th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge